**MOVIELAB, INC., Plaintiff-Appellee,**

v.

**BERKEY PHOTO, INC., et al.,
Defendants-Appellants.**

**No. 21, Docket 71-1294.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 29, 1971.

Decided Dec. 1, 1971.

Alvin M. Stein, New York City (Parker, Chapin & Flattau, Joel M. Wolosky, New York City, on the brief), for defendants-appellants.

Herbert M. Wachtell, New York City (Wachtell, Lipton, Rosen & Katz, Peter D. McKenna, New York City, on the brief), for plaintiff-appellee.

Before LUMBARD, WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

This controversy arises out of the sale, in 1969, of certain corporate assets by the various defendants-appellants (Berkey) to plaintiff-appellee Movielab, Inc., in exchange for two 8% installment promissory notes of Movielab in the amount of $5,250,000 each. Both Berkey and Movielab are publicly-owned corporations. After the sale, Movielab allegedly discovered that it had been deceived into entering into the transaction by false information supplied to it by Berkey. Movielab thereupon commenced this action in the United States District Court for the Southern District of New York under section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5, seeking rescission and damages. Berkey moved to dismiss the complaint, arguing that the court lacked subject matter jurisdiction because the fraud alleged was not "in connection with the purchase or sale, of any *security*" (emphasis added), within the meaning of the Act, 15 U.S.C. §§ 78j(b), 78c(a) (10). Judge Walter R. Mansfield, in an opinion reported at 321 F. Supp. 806 (1970), rejected this argument and held that the court had jurisdiction. Thereafter, the judge certified the question for an interlocutory appeal under 28 U.S.C. § 1292(b).[1]

In this court, appellants strenuously urge that claims of fraud in connection with the issuance of notes in every private loan transaction cannot be within the scope of the Securities Exchange Act of 1934. Otherwise, they say, federal jurisdiction could be invoked in connection with the issuance of any check or note no matter how small the transaction so long as some instrumentality of interstate commerce was used. We need not deal with that hypothetical situation. Appellants concede that the definition of security in section 3(a) (10) of the Act, 15 U.S.C. § 78c(a) (10), states that "The term 'security' means any note . . ." and therefore includes some notes at the very least. Clearly then, notes issued by one publicly owned company to another publicly owned company for $10,500,000, payable over a period of 20 years, in exchange for the assets of the latter easily fall within the purview of the Act, which we have only recently been directed to construe "flexibly, not technically and restrictively." Superintendent of Ins. of State of New York v. Bankers

---

**664**

Life and Cas. Co., 404 U.S. 6, 92 S. Ct. 165, 30 L.Ed.2d 128 (1971). See Lehigh Valley Trust Co. v. Central Nat'l Bank, 409 F.2d 989, 992 (5th Cir. 1969) ("almost all notes are held to be securities") ; *cf.* Klinger v. Baltimore & Ohio R. R., 432 F.2d 506 (2d Cir. 1970). On this record, there is no merit to appellants' argument that there was no purchase or sale of securities within the meaning of the Act.

Judgment affirmed.