In re JOHNS–MANVILLE CORPORATION, Manville Corporation, Manville Building Materials Corporation, Manville Forest Products Corporation, Manville International Corporation, Manville Export Corporation, Manville Products Corporation, Johns-Manville Amiante Canada Inc., Johns-Manville Canada Inc., Johns-Manville International Corporation, Johns-Manville Sales Corporation, Manville International Canada, Inc., Manville Canada Inc., Manville Investment Corporation, Manville Properties Corporation, Allan-Deane Corporation, Ken-Caryl Ranch Corporation, Manville Idaho Inc., Manville Service Corporation, Manville Canada Service Inc., Sunbelt Contractors, Inc., Debtors.

Joseph L. NEWTON, Movant,

v.

JOHNS–MANVILLE CORPORATION, et al., Respondents.

No. 82–B–11656 through 82–B–11676 (BRL).

United States District Court, S.D. New York.

Dec. 6, 1984.

---

See also 45 B.R. 823.

William C. Moyer, Lorch, Moyer, Gesenhues & Bitzegaio, New Albany, Ind., for plaintiff.

Robert J. Rosenberg, Michael S. Kushner, Moses & Singer, New York City, for Committee of Asbestos Related Litigants and/or creditors.

Lowell Gordon Harriss, Miriam G. Cedarbaum, Lynn E. Busath, Robert F. D'Emilia, Davis, Polk & Wardwell, Barry Seidel, Levin, Weintraub & Crames, New York City, for defendants.

George Hahn, Angela G. Tese, Hahn & Hessen, New York City, for Equity Security Holders.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge:

On August 26, 1982, Johns-Manville Corporation and its subsidiaries and affiliates filed for reorganization under Chapter XI of Title 11 of the United States Code (hereinafter the "Code") in the United States Bankruptcy Court for the Southern District of New York.

In March of 1983, Joseph L. Newton, plaintiff herein, filed suit in the United States District Court for the Western District of Kentucky, Louisville Division, claiming injuries arising from the sale of asbestos products. Manville was named as a defendant in this lawsuit, and service of process was attempted.

Shortly after the filing of this lawsuit, Joseph L. Newton received notice through his attorneys that Manville was bankrupt, that his proceedings against Manville violated the automatic stay provision of the Code, 11 U.S.C. § 362, and that the service of process issued thereunder was therefore void.

On July 30, 1984, Newton moved this Court to permit him to proceed to trial on his claim against Manville in the litigation pending in the Western District of Kentucky, pursuant to section 157(b)(5) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Public Law No.

98–353 (the "1984 Act"). The Committee of Asbestos-Related Litigants and/or Creditors submitted memoranda in support of this motion. Subsequently, on August 8, 1984, Newton filed proofs of claim in each of the bankruptcy cases of Manville and its related debtors in the United States Bankruptcy Court for the Southern District of New York. Furthermore, in reliance upon the representations of Manville's attorneys, Newton filed copies of said proofs of claim with United Merchants Information Systems. For the reasons stated below, Newton's motion for permission to proceed to trial in the Kentucky action is denied.

▮ As a preliminary matter, the Court finds that the motion is properly before it. Section 157(b)(5) specifies that "the district court shall order that personal injury and wrongful death claims be tried in the district court." The district court, as the entity that must enter the order is, therefore, the proper forum in which to bring a motion under that section. The Court also finds that the section applies to bankruptcy cases pending at the time the section was enacted. Section 122(a) of the 1984 Act explicitly states that "except as otherwise provided in this section, this title and the amendments made by this title shall take effect on the date of the enactment of this Act." Subsection (b) of that section lists the sections that were not to take effect immediately or apply to pending cases. Section 157(b)(5) is not included. On the face of the statute, therefore, section 157(b)(5) applies to the Manville case which was pending at the time the 1984 Act became effective.

Section 157(b)(5) of the 1984 Act provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Pursuant to this section, trial of personal injury or wrongful death claims related to a bankruptcy proceeding must be held in the district courts. The section, however, does not mandate that all personal injury and wrongful death claims be tried. It merely sets forth the procedure by which the forum for trial shall be designated for those asbestos claimants who do not agree to another procedure for settling their claims. That forum shall be the district court in which the bankruptcy case is pending or in which the claim arose. The section makes clear that trials to resolve such claims cannot be held in the bankruptcy court.

The issue before this Court is whether section 157(b)(5) mandates an immediate trial of Newton's personal injury claim in the Western District of Kentucky.[1] For the purposes of clarity, the Court notes that, despite the urging of the parties, the propriety of the Manville filing, the issue whether asbestos claimants have a constitutional or statutory right to a trial by jury and the meaning of the Supreme Court's decision in *Northern Pipeline Company v. Marathon Pipe Line,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), are not issues that are properly before the Court on this motion. The Court, therefore, confines its ruling to the meaning of section 157(b)(5) and its application to Newton's claim at the present time.

In interpreting the meaning of section 157(b)(5), this Court reads the section in the context of the statute as a whole. If read in isolation, the section appears to mandate that all personal injury or wrongful death claims arising in or related to a bankruptcy case be tried and that the trial of those claims be held in the district courts. Newton argues that, if section 157(b)(5) mandates that the claims ultimately must be tried, the trials should commence immediately so that the judgments entered on

---

**1.** By his motion, Newton makes clear that he intends to reject any consensual resolution of his claim. For purposes of this motion, there-fore, the Court must assume that consensual resolution of this claim is not an option.

those claims can form the basis for estimating those claims for purposes of formulating a plan as well as for determining the actual amount to which each claimant is entitled. Such an interpretation, however, is unnecessary and runs contrary to other provisions of the Code and the 1984 Act.

■ Section 502(c) of the Code provides for the estimation of claims for the purpose of allowance if liquidation of contingent or unliquidated claims would unduly delay the administration of the case. Section 157(b)(2)(B) of the 1984 Act, however, defines the liquidation or estimation of contingent or unliquidated personal injury or wrongful death claims against the estate for purposes of distribution as non-core proceedings. Under section 157(c)(1) of the 1984 Act, such proceedings may be heard by a bankruptcy judge but the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court and any final order must be entered by the district court after *de novo* review of any findings or conclusions to which a party has specifically objected. The interpretation of section 157(b)(5) urged by Newton would void the effect of section 502(c) with respect to personal injury and wrongful death claims and would render section 157(b)(2)(B) superfluous. A statute, however, should not be read so that one section renders another section inoperative, superfluous, void or insignificant. *See* 2A J. Sutherland, *Statutes and Statutory Construction* § 46.06 (4th ed. C. Sands 1973).

Under an interpretation of these sections which gives effect to all of them, section 157(b)(2)(B) ensures that only district judges enter final orders and judgments regarding the estimation or liquidation of personal injury or wrongful death claims for purposes of distribution. If the liquidation is by trial, under section 157(b)(5), the trial must be held in the district court. Jurisdiction remains with the bankruptcy court, however, to make findings and conclusions for *de novo* review by the district

court for the purposes of distribution when liquidation is not by trial and to estimate the claims for purposes of allowance.

■ Even assuming that section 157(b)(5) requires that all personal injury and wrongful death claims be tried in the district courts, the Court does not find that immediate withdrawal and liquidation of Newton's claim is appropriate. Section 157(b)(2)(B) does not exclude from the definition of core proceedings estimation of personal injury and wrongful death claims for all purposes. The section is limited to estimation "for purposes of distribution." This leaves estimation for other purposes within the jurisdiction of the bankruptcy court. *See In re UNR Industries,* 45 B.R. 322 (N.D.Ill.1984). A trial is not needed, therefore, to satisfy the requirement of section 502(c) that "all claims against the debtor be converted into dollar amounts." *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. (1977); S.Rep. No. 989, 95th Cong. 2d Sess. 65 (1978), U.S.Code Cong. & Admin.News 1978, 5787. Thus, even if the Code and the 1984 Act require that each and every asbestos claim filed in this action eventually be tried, they do not require immediate withdrawal of those claims for trial before a reorganization plan has been confirmed.

Newton contends that his claim should be tried immediately in the action pending in the Western District of Kentucky, in conjunction with his claims against other asbestos manufacturers. The Court is sympathetic to Newton's situation, as it is sympathetic to the plight of the thousands of asbestos victims, and aware of the economies that might result from trying all of Newton's claims in one action. It does not, however, see the sense in ordering a trial for Newton's claims against Manville until a plan has been developed for Manville and until there is reason to believe that the time and expense of potentially 25,000 personal injury trials of the claims against Manville will not deplete the estate and leave other creditors with empty judgments.[2] In this regard, the Court notes

2. The Court is aware that Manville is a solvent, ongoing company. It is unclear, however, what

that the automatic stay provision of section 362(a) of the Code was designed not only to ensure the debtor a fresh start, but also to ensure that all creditors were treated equally. These policies would not be served if 25,000 individual claimants were allowed separately and independently to proceed to trial at this time. Nothing in the Code or 1984 Act indicates that personal injury and wrongful death claims are to be treated any differently than any other unliquidated claims for purposes other than distribution. *See In re UNR Industries, supra.* Until this stage in the case is reached, therefore, the Court finds that the motion to withdraw is premature. Newton's motion is dismissed without prejudice.

SO ORDERED.

the litigation costs of 25,000 personal injury trials would do to Manville's financial health. The Court is also aware that the fairness and propriety of the Manville reorganization has been challenged. The Court refrains, however, from interpreting the enactment of section 157(b)(5) as Congress' condemnation of the Manville reorganization. In the absence of a more direct indication from Congress, the Court finds that it is inappropriate for it to parse the Code and 1984 Act to find a means of defeating the reorganization. This finding in no way reflects the Court's feelings concerning the profound social, political, economic and moral issues raised by the Manville filing, but rather is the result of the limited role of the judiciary with regard to legislation.