In re WATERMAN STEAMSHIP
CORPORATION, Debtor.

**Bankruptcy No. 83 B 11732.**

United States Bankruptcy Court,
S.D. New York.

July 24, 1986.

See also, Bkrtcy.S.D.N.Y., 59 B.R. 724.

White & Case by James P. Laughlin, New York City, for debtor.

Carro, Spanbock, Fass, Geller, Kaster & Cuiffo by Vincent Lipari, New York City, for Lowell P. McKinney.

Kathleen M. Bilbe, New Orleans, La., Leonard J. Cline, Metairie, La., for Glen Torres.

Porteous, Hainkel, Johnson & Sarpy, by William A. Porteous III, New Orleans, La., for Rita Hopper.

Bernard Rolnick, New York City, for Elisa Bonefont and Warren Hymel.

Zimmerman & Zimmerman, New York City, for Michael Serpe; Thomas Doyle, of counsel.

Finkel, Goldstein & Berzow by Neal M. Rosenbloom, New York City, for Otis Martin.

Gutierrez & Hand by Salvador E. Gutierrez, Jr., New Orleans, La., for Richard Hillebrandt.

## DECISION AND ORDER

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

In response to several motions to vacate the automatic stay provided by 11 U.S.C. § 362(a) (1978), Waterman Steamship Corporation ("the Debtor") moved this Court on June 7, 1986, pursuant to 28 U.S.C. § 157(b)(5), for a transfer to the Southern District of New York of seventeen proceedings involving claims for personal injury and wrongful death.

### I.

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy

---

Code, 11 U.S.C. § 101 *et seq.* (1978) ("the Code"), on December 1, 1983. The Debtor has remained in possession and operates United States Flag cargo vessels in the foreign commerce of the United States. The claimants are former employees of the Debtor.[1] All have filed personal injury or wrongful death claims against the Debtor. Most object to trial of their cases in this district. A plan for the reorganization of the Debtor has been confirmed.

At the hearing held on June 30, 1986, the Court ruled that it would first determine whether the motion was properly brought before this Court rather than before the district court and, if so, hold additional hearings as to whether it should be granted. At the request of the Court, several of the claimants agreed to the adjournment of their motions pursuant to § 362(d) of the Code until such date as shall be set after the resolution of these motions. The Court denied without prejudice to renewal after resolution of this motion, the motions of those who did not consent or did not appear but had requested an adjournment.

## II.

28 U.S.C. § 157(b)(5) mandates that trials of personal injury or wrongful death claims arising under Title 11 be held in the district court. It provides:

> The district court shall order that personal injury, tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Accordingly, upon motion, the district court for this district may order that trial of personal injury cases pending in state court or other districts against the Debtor be tried here. *See, e.g., A.H. Robins Co. v. Piccinin,* 788 F.2d 994 (4th Cir.1986); *In re Johns-Manville Corp., (Newton v. Johns-Manville Corp.),* 45 B.R. 827 (S.D.N.Y. 1984). Whether a bankruptcy court may entertain a § 157(b)(5) motion to transfer cases and consolidate them in one district court pursuant to the general references is less clear.

Construing § 157 is not an easy task. Section 157(a) provides that the district court may refer Title 11 proceedings to the bankruptcy courts. This includes all cases "arising under" Title 11 or "arising in or related to" a case under Title 11. The United States District Court for the Southern District of New York entered an order to that effect on July 10, 1984. Bankruptcy judges may enter appropriate order and judgments in core proceedings under § 157(b). Section 157(b)(2)(B) makes clear, however, in defining core proceedings, that a bankruptcy court may not hear personal injury claims for the purpose of determining the distribution payable thereon.

But there is no similar provision with respect to motions to consolidate or otherwise fix venue under § 157(b)(5). Neither the reported cases nor the legislative history give any guidance in resolving the ambiguity of whether a bankruptcy judge to whom a bankruptcy case is referred pursuant to § 157(a) may enter an order under § 157(b)(5).[2] Accordingly, we look to policy considerations to construe what Congress intended. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 737, 95 S.Ct. 1917, 1926, 44 L.Ed.2d 539, 550 (1975).

Valid arguments exist both ways. In support of bankruptcy judges retaining control over a motion to transfer venue, it is argued that the bankruptcy court is in the best position to determine the need for

---

1. The claimants are: Elisa Bonefont, Warren Hymel, Lowell P. McKinney, Jack Brown, Juan A.G. Cruz, Alfred J. Otremba, Richard Hillebrandt, Doris Gilmore, Lloyd Gandy, Joyce Weicker, Louis Backert, Morris Edge, Richard Gibbons, Rita Hopper, Maurice Lizotte, George N. Ranis, Michael Serpe, Glen Torres, Don Wood and Otis Martin.

2. Although § 157(b)(5) states "[t]he district court shall order," the bankruptcy court is not conclusively excluded. *Cf. In re Lion Capital Group,* 46 B.R. 850, 858 (Bankr.S.D.N.Y.1985) ("the bankruptcy courts are adjunct to the district courts where jurisdiction is vested pursuant to 28 U.S.C. § 1334 (1984)").

centralized handling of the case due to its familiarity with the case from its earliest stages. As Representative Kastenmeier observed in sponsoring § 157(b)(5), Congress desired to "centralize the administration of the estate and to eliminate the 'multiplicity of forums [sic] for the adjudication of parts of a bankruptcy case.'" *A.H. Robins*, 788 F.2d at 1011, (*citing* 130 CONG.REC. H 749, *reprinted in* 1984 U.S. CODE CONG. & ADM.NEWS at 579). The bankruptcy court is clearly best able to determine the need for centralization and to balance it with considerations such as those set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). But the district court in which the bankruptcy case is pending is not thereby disabled. The same considerations can be brought to its attention and the district court may, if it so desires, refer that issue to the bankruptcy judge for recommendation. The increased burden on the estate is minimal.

It is also argued that the district court's handling of § 157(b)(5) motions conflicts with the provisions of § 157(b)(2)(G) which vests control over the automatic stay, § 362 of the Code *et seq.*, with the bankruptcy court and the requirement that such motions be expedited. This conflict is well illustrated by the instant case. Here plaintiffs moved to have the stay lifted as to them pursuant to § 362(d). Section 362(e) of the Code provides that within thirty days of the request to lift the stay,

> Such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

§ 362(e) provides: "such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing." To this, Bankruptcy Rule 4001(b) adds, "[t]he stay of any act against property of the estate under § 362(a) of the Code expires 30 days after a final hearing is commenced pursuant to § 362(e)(2) unless within that time the Court denies the motion for relief from the stay." Presently, the Debtor/defendant moved in this Court for a transfer of venue under § 157(b)(5). It is apparent that if these motions are dealt with by two separate courts, different and conflicting judgments may issue.

But, this difficulty on examination is hardly insurmountable. At bottom, both issues involve the timing of the trials. If there be administrative concerns which make inappropriate the holding of an immediate trial so as to warrant retention of the stay, the same concerns will apply to the district court's handling of the motion. *See In re Johns-Manville Corp. (Roberts v. Johns-Manville Corp.)*, 45 B.R. 823, 826, 12 B.C.D. 879 (S.D.N.Y.1984). The motion before the bankruptcy court can be disposed of by denial without prejudice after the district court's resolution of the motion to transfer venue, provided that such motion is to be filed within a reasonable but brief time period.

In contrast, the notion that the district court should rule on a § 157(b)(5) motion is strongly compelling. It is the district court that must try these cases. It is in the best position to gauge its ability to handle the underlying trials. The instant case may result in the need for almost twenty trials. Some Title 11 cases involving personal injury claims require thousands of trials. *See, e.g., A.H. Robins*, 788 F.2d 994; *Johns-Manville*, 45 B.R. 827. An obvious issue impacting such a motion is whether the trials can be structured to try common issues, such as liability and punitive damages, if applicable. The district courts are in the best position to resolve such matters. That resolution will heavily impact the handling of those trials if a § 157(b)(5) motion is granted.

Accordingly, the motion under § 157(b)(5) must be and hereby is denied without prejudice to being refiled in the district court. The motions to vacate the automatic stay are denied without prejudice to renewal upon the district court's resolution of the motion provided that the

**438**

Debtor files such motion within 15 days of the date of this order.

IT IS SO ORDERED.