**Marion WALLACE**

v.

**TOWN OF STRATFORD BOARD OF EDUCATION.**

**Civ. No. B–84–658 (TFGD).**

United States District Court,
D. Connecticut.

July 30, 1986.

Daniel E. Brennan, Jr., Brennan, McNamara & Brennan, Marion Wallace, Bridgeport, Conn., Anthony F. Slez, Jr., Westport, Conn., for plaintiff.

Stephen R. Bells, Lawrence A. Quellette, Jr., McNamara, Clancy & Kenney, Bridgeport, Conn., for defendant.

## ORDER

DALY, Chief Judge.

After careful review and over objection, including plaintiff's untimely objection, the Magistrate's recommended ruling is hereby ADOPTED, APPROVED and RATIFIED. The above-captioned matter shall be closed of record and removed from this Court's docket.

## RECOMMENDED RULING ON DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE

F. OWEN EAGAN, United States Magistrate.

Plaintiff brought this action claiming that the defendant discriminated against her in her employment because she is handicapped. Her federal claims are asserted pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983. In addition, plaintiff has raised certain state law claims based upon the same nucleus of facts as the federal claims. Defendant has moved to dismiss this action under F.R.Civ.P. Rule 12(b) on the grounds that plaintiff's claims are barred by the applicable statute of limitations and, as to certain claims, that plaintiff has failed to state a claim upon which relief can be granted.

## FACTS

On a motion to dismiss, the court must construe the amended complaint in the light most favorable to the plaintiff and accept the facts alleged as true. *Jenkins v. McKeihen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Here, plaintiff has been employed by the Stratford Board of Education for over twenty years, and was a tenured teacher. She alleges a handicap as a result of childhood polio. On January 30, 1981, plaintiff was suspended from duty by defendant. Plaintiff challenged the suspension by filing a complaint with her union and a complaint with the Connecticut Commission on Human Rights and Opportunities (hereinafter CCHRO), claiming that the suspension was discriminatory.

On May 29, 1981, plaintiff entered into an agreement with defendants under which she agreed to resign at the end of the 1981–82 school year. Under the agreement, she was to be employed in a professional capacity up until her resignation, was to be given a letter of recommendation by defendant and her personnel file was to be purged of "material which adversely reflected upon her." Defendant agreed to rescind its vote to consider termination of plaintiff and plaintiff agreed to withdraw her application for a hearing before an impartial panel. Plaintiff also agreed to withdraw her complaint with the union and with CCHRO.

On August 17, 1981, plaintiff was assigned to the audio-visual department. She claims she was isolated from colleagues, given responsibilities she was unable to carry out due to her handicap, and was the subject of derogatory remarks by employees of defendant. In addition plaintiff claims that her personnel file was not purged of adverse material, that defendant did not rescind its vote to consider termination, and did not act in good faith when it provided her with a letter of recommendation. Plaintiff claims that defendant's actions were discriminatory, deprived her of her civil rights, and violated state law. She also claims that defendant violated the termination agreement.

## DISCUSSION

### I. *Relation Back of Amended Complaint*

Defendant has moved to dismiss this action based on the statute of limitations. Defendant argues that the date of the amended complaint, August 27, 1985, is the proper date from which to calculate the limitations question. Plaintiff argues that the date of the original complaint, October 9, 1984, is the proper date.

Under F.R.Civ.P.Rule 15(c), amendments relate back to the date of the original pleading "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Courts also inquire into "whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading." C. Wright & A. Miller, 6 *Federal Practice and Procedure: Civil* § 1497 (1971). In this case, the federal claims in the original complaint were based wholly upon allegations of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 et seq. The federal claims in the amended complaint are allegations of discrimination due to plaintiff's handicap. No allegations of sex discrimination are made in the amended complaint and, conversely, the original complaint contained no allegations of discrimination due to plaintiff's handicap.

In *Campbell v. A.C. Petersen Farms, Inc.,* 69 F.R.D. 457 (D.Conn.1975), the court was faced with a similar situation. In *Campbell,* the plaintiff's original complaint alleged only race discrimination. He sought to amend the complaint, after the statutory period for filing a complaint had passed, to include claims regarding defendant's grooming policy. Defendant sought to dismiss the amendment on the grounds that the claims were based on sex discrimination which had not been raised in the original complaint and which, therefore, were time-barred. The court noted that it was unable to tell if plaintiff's amendment was based on race or sex discrimination, but went on to state:

> The original complaint, which was filed within the statutory period, contained no reference to the defendant's hair regulation and did not allege any other act of sex discrimination; the gravamen of that complaint was exclusively race discrimination. Therefore, this new allegation [if based on sex discrimination] cannot be deemed to arise out of the "conduct ... set forth in the original pleading" and cannot be held to relate back to the date of the filing of the original complaint. Rule 15(c) Fed.R.Civ.P.

*Id.* at 461. In *Rosenberg v. Martin,* 478 F.2d 520 (2d Cir.1973), the Second Circuit stated that the test for whether an amendment relates back is not contemporaneity of the facts pleaded, but rather "adequacy of notice. As said by Judge Laramore in *Snoqualmie Tribe v. United States,* 372

F.2d 951, 960, 178 Ct.Cl. 570 (1967), 'the inquiry in a determination of whether a claim should relate back will focus on the notice given by the general fact situation set forth in the original pleadings.' " *Id.* at 526.

In this case, the discriminatory conduct alleged in the original complaint made no reference to plaintiff's handicap. Therefore, the court cannot conclude that the new allegations arise out of the conduct set forth in the original complaint or that defendant had adequate notice of the newly alleged claims. Accordingly, the amendments do not relate back to the date of the original complaint. The court's determination on the statute of limitations question is based on the date of the amended complaint, August 27, 1985.

## II. *Federal Claims*

Counts 1, 2, 3, 5 and 7 of plaintiff's complaint allege claims based upon the Constitution and/or federal law.

### A. *Counts 1 and 2*

■ Counts one and two of the complaint are brought under 42 U.S.C. § 1983. Count one of the complaint challenges plaintiff's suspension which occurred on January 30, 1981, and the subsequent actions of the defendant leading up to her agreement to resign at the end of the 1981–82 school year. Plaintiff claims defendant's actions were taken because of her handicap in violation of her right to equal protection of the laws and that they were performed under color of state law. In count two, plaintiff alleges that she was deprived of a property right, her position as a tenured teacher without a hearing, in violation of her right to due process under the fourteenth amendment, and that defendant's actions were performed under color of state law.

As of June 6, 1981, plaintiff had signed the agreement with defendant, in which she agreed to resign at the end of the 1981–82 school year. In *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct.

498, 66 L.Ed.2d 431 (1980), the Supreme Court ruled in a case alleging discriminatory denial of tenure, that the statute of limitations begins to run at the time of the discriminatory act, not the point at which the consequences become painful. *Id.* at 258, 101 S.Ct. at 504. Thus, in *Ricks*, the statute began to run when the plaintiff was denied tenure and given a one year terminal contract, not on the date his employment terminated. *See also Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (per curiam) (statute of limitations begins to run on the date the plaintiff learns he will be terminated). In the case at bar, the plaintiff knew by June 6, 1981, that she would be terminated at the end of the 1981–82 school year. Therefore, the statute of limitations began to run at that time.

There is no statute of limitations contained in 42 U.S.C. § 1983. Therefore, the court must apply the most appropriate state statute of limitations. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Recently, in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court ruled that all Section 1983 claims within a state should have a uniform statute of limitations, and that § 1983 claims are most appropriately characterized as personal injury actions. *Id.* 105 S.Ct. at 1947. Therefore, the state statute of limitations for personal injury actions should be applied in cases brought under § 1983. *Id.* This decision does not alter the practice of the District Courts in Connecticut, which have been applying Connecticut's three-year statute of limitations for actions sounding in tort, Conn.Gen.Stat. § 52–577, to civil rights actions.[1] *See Stone v. Wakely*, Civil No. H–82–723 (D.Conn.1983); *Sailer v. Wezowicz*, Civil No. H–82–1068 (D.Conn.1983) (and cases cited therein).

Applying § 52–577 to the instant case, the latest date that plaintiff could file an action based upon the facts alleged in Counts 1 and 2 of her complaint was June 6, 1984. Since her action was not filed until August 27, 1985, the allegations in

---

1. This practice met with approval in the Court of Appeals for the Second Circuit. *See Williams* v. *Walsh*, 558 F.2d 667, 670 n. 3 (2d Cir.1979).

Counts 1 and 2 are barred by the statute of limitations and must be dismissed.[2]

### B. *Count 3*

Count three of plaintiff's complaint is brought pursuant to Section 504 of the Rehabilitation Act of 1983, 29 U.S.C. § 794,[3] which prohibits discrimination in employment by recipients of federal financial assistance. Alternatively, plaintiff brings the claim under § 1983. The basis of the claim is that defendant failed to make reasonable accommodations for plaintiff in her work and that defendant's evaluations of her were arbitrary and capricious. Although no dates of specific discriminatory acts are included, it is apparent from the entire complaint that any such acts took place no later than the end of the 1981–82 school year.

Section 504 of the Rehabilitation Act contains no statute of limitations. Where Congress has not adopted a statute of limitations, the court must apply the most appropriate state statute of limitations. *Board of Regents v. Tomanio, supra.* Since cases involving alleged discrimination based on handicap are akin to other civil rights cases, this court will follow *Wilson v. Garcia, supra* and apply Connecticut's three-year statute of limitations for personal injury actions, § 52–577. Since the statute of limitations began to run on the last day of 1981–82 school year, plaintiff's complaint, dated August 27, 1985, was filed more than three years after the cause of action accrued and is time-barred. Therefore, count 3 of plaintiff's complaint must be dismissed.

### C. *Count 5*

Count 5 concerns defendant's alleged interference with plaintiff's first amendment rights in September 1981. This claim is also asserted pursuant to 42 U.S.C. § 1983. Under the three-year statute of limitations for § 1983 claims in this District, the latest plaintiff could have filed this claim was September 30, 1984. Since plaintiff did not file her complaint until August 27, 1985, count 5 is time-barred and must be dismissed.

### D. *Count 7*

Count seven contains a claim of negligent supervision. Although it is unclear what plaintiff means by this allegation, the court will construe it broadly to allege a policy of discrimination toward handicapped employees by other employees of the defendant, which was known or reasonably should have been known by defendant and was permitted to continue. Since plaintiff alleges this conduct was under color of state law, the three-year statute of limitations for § 1983 claims applies. As with count 3, the claim is time-barred, since plaintiff's last possible day of work was more than three years before the complaint was filed. Count 7, accordingly, is dismissed.[4]

### III. *Pendent State Claims*

Counts 4, 6 and 8 are claims of state law on which the court could exercise jurisdiction under the doctrine of pendent jurisdiction. *See generally,* 13B C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 3567 *et seq.* Count four is a claim under a collective bargaining agreement and/or the Teacher Tenure Act, Conn.Gen. Stat. § 10–151(b). Count six alleges a breach of the termination agreement that plaintiff entered into with the defendant. Count eight alleges a violation of a state statute.

---

**2.** The court notes that even the original complaint filed on October 9, 1984, would have been time-barred with respect to these claims.

**3.** Section 504 of the Rehabilitation Act of 1973 states in part:

No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

**4.** In light of the court's disposition of defendant's motion on statute of limitations grounds, it is unnecessary to address his other arguments relating to the availability of money damages under § 504 of the Rehabilitation Act (*but see Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984) in which the Supreme Court held that at least back pay is available under § 504) or defendant's claim with respect to the doctrine of *respondeat superior* in relation to Count 5 of the complaint.

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court was faced with the question of what action was appropriate toward pendent state claims in a case in which all federal claims were dismissed prior to trial. The court stated that "if the federal claims are dismissed, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139. This is particularly appropriate in the instant case, where the proceedings are at an early stage, that is, defendant has not filed an answer and discovery has been minimal or non-existent. Therefore, plaintiff's pendent state law claims are hereby dismissed.[5]

## CONCLUSION

Defendant's motion to dismiss is granted.

As provided by statute and local rules, the parties are entitled to seek timely review by the district judge of the magistrate's recommendation. 28 U.S.C. § 636.

---

**5.** It is unnecessary to reach defendant's argument regarding the statute of limitations with respect to the state law claims. Dismissal here does not bar plaintiff from litigating the state claims in state court, where the statute of limitations question may be raised by defendant.