**Thomas M. BAGGOTT, Trustee in Bankruptcy for Zoomaire, Inc., and Skyways, Inc., Debtors, Plaintiffs,**

v.

**PIPER AIRCRAFT CORP., Defendant.**

**Nos. MS 3–85–46, C–3–86–615.
Bankruptcy Nos. 3–84–01899,
3–84–01900.
Adv. Nos. 3–85–0162, 3–85–0163.**

United States District Court,
S.D. Ohio, W.D.

Dec. 24, 1986.

Thomas M. Baggott, Dayton, Ohio, trustee.

Benton Musslewhite, Vince Tarleton, Houston, Tex., for trustee.

James M. Wiles, Thomas J. Keener, Columbus, Ohio, for defendant.

John T. Decker, Dayton, Ohio, for creditors.

DECISION AND ENTRY ADOPTING IN ITS ENTIRETY THE REPORT AND RECOMMENDATION OF THE UNITED STATES BANKRUPTCY JUDGE (DOC. # 21); DECISION AND ENTRY OVERRULING OBJECTIONS OF TRUSTEE TO SAID REPORT AND RECOMMENDATION; MOTION OF PIPER AIRCRAFT CORPORATION TO WITHDRAW THE DISTRICT COURT'S ORDER OF REFERENCE TO THE BANKRUPTCY COURT REGARDING THE ABOVE ADVERSARY PROCEEDINGS IS HEREBY SUSTAINED IN ITS ENTIRETY; CLERK OF COURTS TO ASSIGN A DISTRICT COURT CASE NUMBER TO THIS CASE.

RICE, District Judge.

The captioned cause is before this Court on the objections of the Trustee to the Report and Recommendation of Judge William Clark, United States Bankruptcy Judge, recommending that this Court withdraw its Order of Reference regarding the above adversary proceedings. For the reasons stated below, this Court adopts Judge Clark's Report and Recommendation in its entirety.

On July 23, 1985, Thomas M. Baggott, Trustee in Bankruptcy for the estates of Zoomaire, Inc. and Skyways, Inc., filed separate Complaints (the above numbered adversary proceedings) against Piper Aircraft Corporation, and denominated each Complaint as a "Complaint for Collection of Debt Due Bankruptcy Estate." By Agreed Entry, these separate adversary proceedings were consolidated.

The Trustee seeks to have Piper indemnify Zoomaire and Skyways in the amount of $4.2 million plus interest and attorney fees as a result of a judgment obtained against Zoomaire and Skyways in the Common Pleas Court of Montgomery County, Ohio. In that action, the pilot of a Piper airplane which crashed on March 14, 1977 and the next of kin of passengers fatally injured in the crash sought relief for personal injuries and wrongful death. Although Piper was at one time a party to the state court action, judgment was against Zoomaire and Skyways, only. It is the Trustee's position that Piper, as a manufacturer of the airplane, is liable on the basis of implied indemnity to Zoomaire and Skyways, who were retailers of the airplane.

On September 10, 1985, Piper filed its answer, asserting a variety of defenses. In addition, Piper filed a "Counterclaim/Third Party Complaint" against John Turnbull, the pilot of the plane, alleging that any damages resulting from the airplane crash were the result of the negligence of John Turnbull. Piper also requests contribution from John Turnbull pursuant to Ohio Revised Code §§ 2307.31 and 2307.32, and has demanded a trial by jury.

On the same day it answered the Trustee's Complaint, Piper filed a motion with the District Court to withdraw the Order of Reference to the Bankruptcy Court of Adversary Proceeding 3–85–0162 and Adversary Proceeding 3–85–0163, pursuant to 28 U.S.C. §§ 157(b)(5) and 157(d).[1] Subse-

---

1. 28 U.S.C. § 157(b)(5) provides:
   The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.
   28 U.S.C. § 157(d) provides:
   The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

quently, this Court requested the Bankruptcy Court to make a Report and Recommendation concerning Piper's motion. The Trustee has objected to Judge Clark's Report and Recommendation which recommended that the district court withdraw the Order of Reference regarding the above adversary proceedings, and said objections are presently before this Court.

The Court is aided in its decision by the detailed Joint Stipulation of Facts filed in the Bankruptcy Court by the parties hereto. Based upon the Jointly Stipulated Facts and a reading of the record of the proceedings in the Bankruptcy Court, the Court determines the following to be an adequate description of the lengthy history of this litigation.

1. On or about March 14, 1977, a Piper Aztec airplane was being piloted by David John Turnbull near Fife, Scotland. In the airplane as passengers were James Winton Brown, Jan Walstow, and David Ballantyne.

2. The airplane crashed at such time and place, causing personal injuries to the pilot, Turnbull, and killing the three passengers, Brown, Walstow, and Ballantyne.

3. On June 9, 1978, the next of kin of the three passengers, Brown, Walstow and Ballantyne, filed a Complaint in the United States District Court for the Middle District of Pennsylvania, asserting wrongful death and survivorship claims against Piper Aircraft Corporation. By amendment filed March 12, 1979, the pilot Turnbull's personal injury tort claims were added to the Complaint in the Pennsylvania Federal District Court. The said pilot and passengers are hereinafter referred to as "Plaintiffs", the Defendant corporation as "Piper", and the said litigation in Pennsylvania as "the Pennsylvania federal action".

4. On March 12, 1979, Piper filed a Motion for Summary Judgment in the Pennsylvania federal action as to all wrongful death claims brought therein, asserting that those claims were barred by the expiration of the applicable statute of limitations. In the Pennsylvania federal action, the case was scheduled to be tried in June, 1979. Prior to any such trial, the Pennsylvania federal action was disposed of on the basis of three separate, but interrelated, court orders of the dates of April 10, May 11, and June 1, 1979:

(a) On April 10, 1979, Piper's Motion for Summary Judgment as to the wrongful death claims in the Pennsylvania federal action was granted on the grounds of the statute of limitations. Plaintiffs did not attempt an appeal from this ruling. By not immediately appealing, Plaintiffs did not waive an appeal of this ruling prior to the June 1, 1979, ruling which fully disposed of the Pennsylvania federal action. However, neither party appealed from the Court's June 1, 1979 dismissal.

(b) On April 18, 1979, Plaintiffs filed a Motion for Voluntary Dismissal of the Pennsylvania federal action without prejudice. By its Order dated May 11, 1979, the Court denied Plaintiffs' Motion for Voluntary Dismissal Without Prejudice in the Pennsylvania federal action, ruling that the pendency of a counterclaim by Piper forbade it to grant this Motion for Voluntary Dismissal Without Prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. The parties disagree as to whether this Motion for Voluntary Dismissal Without Prejudice applied to just the claims remaining after the Order of April 10, 1979 had dismissed the wrongful death claims, or whether it applied as well to those wrongful death claims.

(c) On May 22, 1979, Plaintiffs filed a Motion to Dismiss With Prejudice the Pennsylvania federal action against Piper. On June 1, 1979, the court granted the motion of the Plaintiffs as to the Pennsylvania federal action. The parties disagree as to the legal effect of this Order on subsequent litigation. The parties do not agree as to the effect of this Order in respect of the court's ruling of April 10, 1979. The parties also disagree as to whether the Motion to Dismiss With Prejudice of May 22, 1979, applies just to claims remaining after the Order of April 10, 1979, or whether it applied as well to the wrongful death

claims. Neither party has appealed this dismissal.

5. On March 13, 1979, a day after Piper filed its Motion for Summary Judgment in the Pennsylvania federal action and during the pendency of that suit, Plaintiffs filed a similar action for wrongful death, survivorship, and personal injuries in the Montgomery County Common Pleas Court in Ohio, Case No. 79–648 (hereafter "Ohio state action") against Piper and against two Ohio corporate retailers in the sale of the aircraft, Zoomaire, Inc. and Skyways, Inc.

6. Piper filed a Motion to Quash Service of Process and to dismiss Piper from the Ohio state action on the ground of lack of *in personam* jurisdiction. Piper's Motion to Dismiss was granted, and Piper was dismissed as a party to the Ohio state action pursuant to the Decision and Entry journalized January 14, 1980. That decision was never appealed.

7. In March, 1980, in the Court of Session, Scotland, the next of kin of the passengers filed wrongful death actions against Piper, and the pilot filed an action against Piper for personal injuries. These actions remain pending at this time.

8. On January 10, 1983, in the Ohio state action, the Plaintiffs proceeded to an uncontested trial to the court, having waived the jury. Zoomaire and Skyways, being out of business, did not appear or otherwise contest that court's determination of the Plaintiffs' claims. The Plaintiffs obtained a judgment which was journalized by decision and entry on August 2, 1983. That judgment was subsequently amended by entry filed May 7, 1984. Neither judgment was ever appealed. The parties do not agree upon the legal effect of this judgment.

9. On November 17, 1983, Plaintiffs filed a First Amended Original Complaint against Piper in the Ohio state action. In their First Amended Original Complaint, the Plaintiffs attempted to enforce against Piper the "Uncontested Judgment" obtained against Zoomaire and Skyways on the theory that Plaintiffs are "Third-Party Beneficiaries" of an implied contract of indemnity existing between Piper, as manufacturer of the airplane, and Zoomaire and Skyways, as sellers of the aircraft. Citing numerous grounds, Piper filed a Motion to Strike or Dismiss that First Amended Original Complaint. No ruling on Piper's Motion to Strike or Dismiss has been rendered in the Ohio state action.

10. On September 5, 1984, Plaintiffs filed their Involuntary Petitions in Bankruptcy under Chapter 7 against Zoomaire and Skyways under Bankruptcy Case No. 3–84–01899 and 3–84–01900 in the United States District Court, Southern District of Ohio, Western Division. Being out of business, neither Zoomaire nor Skyways contested Plaintiffs' Involuntary Petitions in Bankruptcy. Plaintiffs are the only known creditors of Zoomaire and Skyways. On October 1, 1984, Piper, by way of an *amicus curiae* motion, moved the Bankruptcy Court to dismiss the involuntary petitions, or in the alternative to abstain.

11. On February 27, 1985, the United States Bankruptcy Court for the Southern District of Ohio, Western Division, by Decision and Order of Bankruptcy Judge Charles A. Anderson, overruled Piper's motion and ordered that relief under Chapter 7 of Title 11 of the United States Code be granted against both Zoomaire and Skyways. Judge Anderson, in overruling Piper's motion, held that the *amicus curiae* motion could not be construed as an answer to the involuntary petitions, since an *amicus curiae* is not a party and cannot assume the function of a party. Nevertheless, Judge Anderson went on to address several of the issues raised by Piper, but found Piper's arguments to be not well taken. 47 B.R. 628.

12. Plaintiffs' representative and counsel in the Ohio state action was elected Trustee in the bankruptcy of Zoomaire and Skyways and has filed Complaints against Piper on behalf of Plaintiffs in the Adversary Proceeding Nos. 3–85–0162 and 3–85–0163 in the United States Bankruptcy Court, Southern District of Ohio, Western Division. Piper has filed its answer containing its admissions and denials, affirma-

tive defenses, a counterclaim, and a third-party complaint. Piper has demanded trial by jury in that action.

13. On September 10, 1985, Piper filed a Motion to Withdraw Reference, pursuant to 28 U.S.C. §§ 157(b)(5) and 157(d). After the Plaintiffs filed a Memorandum Contra, Judge Clark entered a Report and Recommendation, recommending that this Court withdraw its reference of the above adversary proceedings. It is that Report and Recommendation from which the Plaintiffs now object.

14. On October 16, 1985, Plaintiffs filed a Motion for Summary Judgment against Piper in the adversary proceedings requesting the entry of judgment against Piper for damages equal to that rendered in the judgment against Skyways, Inc. and Zoomaire, Inc. together with interest and attorneys fees. However, Judge Clark, because of the pending Motion to Withdraw the Reference, took no action regarding the Trustee's motion.

DISCUSSION

The section of the Bankruptcy Code which is pivotal to the dispute herein is 28 U.S.C. § 157(b)(5), which reads:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

■ Judge Clark, in recommending that the Motion to Withdraw the Reference of the adversary claims be granted, concluded that these adversary proceedings would be heavily dependent upon resolution of personal injury and wrongful death issues. Judge Clark recognized that ordinarily a claim of indemnity is a collateral contract separate and distinct from the underlying tort claim. However, this Court agrees with Judge Clark's observation that the Trustee's claim herein is based upon an *implied* as opposed to an express contract of indemnification. In order to succeed on a claim of an implied contract of indemnity,

the Trustee must prove that a retailer-manufacturer relationship existed between Zoomaire and Skyways on the one hand and Piper on the other, that the airplane manufactured by Piper was defective, and that the defect was the proximate cause of the Plaintiffs' injuries. These product liability issues, particularly in the areas of proximate causation and injuries/death, are identical to the issues of causation and damages that exist in all personal injury or wrongful death cases. Therefore, the issues involved in these adversary proceedings are, in substantial part, identical to personal injury tort and wrongful death claims, and therefore subject to mandatory removal under § 157(b)(5). Furthermore, the issues raised by Piper's Counterclaim/Third-Party Complaint against the pilot of the airplane, alleging negligence on the part of the pilot, clearly relate to personal injury and wrongful death. Accordingly, this Court agrees with Judge Clark's recommendation that the Order of Reference of the adversary proceedings be withdrawn.

The Trustee, in objecting to the Report and Recommendation, argues that the presence of personal injury and wrongful death issues does not mandate the immediate withdrawal of the claim from the Bankruptcy Court. Rather, the Trustee would have the Bankruptcy Court consider the Trustee's Motion for Summary Judgment and, pursuant to 28 U.S.C. § 157(c)(1), issue to the District Court a Report and Recommendation concerning the resolution of the motion. In support of his position, the Trustee relies upon *In re Johns-Manville Corp.*, 45 B.R. 823 (S.D.N.Y.1984) and *In re UNR Industries*, 45 B.R. 322 (N.D.Ill. 1984).

■ The cited cases are, however, distinguishable. In both *Johns-Manville* and *UNR Industries*, the issue of the withdrawal of personal injury claims arose in the context of Chapter 11 bankruptcy proceedings. The overriding purpose of a Chapter 11 bankruptcy is the reorganization of the debtor and its continuation as a

going business. In light of that purpose, the courts in *Johns-Manville* and *UNR Industries* held that trials of the personal injury claims involved therein were not immediately necessary, because it was of primary importance that the unliquidated personal injury claims be "estimated," or an evaluation or value placed upon them, within the meaning of section 502(a), for use in determining whether to confirm the debtors' reorganization plans. In contrast, the bankruptcies of Zoomaire and Skyways were brought under Chapter 7, and involve the liquidation of the debtors' assets and not the reorganization of the debtors. The Plaintiffs are the only creditors of the debtors and their personal injury and wrongful death claims are the only claims involved. Indeed, the bankruptcy proceeding was brought only as a means to create a forum in which to litigate Zoomaire's and Skyway's claims for indemnification. Accordingly, there is no reason to delay the withdrawal of these adversary proceedings.

Another reason for rejecting the approach suggested by the Trustee is that the issues relating to indemnity and personal injury/wrongful death are not within the specialized province of the Bankruptcy Court, but, rather, are issues more commonly occurring in and dealt with in this Court. Accordingly, since this Court would be the Court to preside over a trial, if deemed necessary, this Court will withdraw its Order of Reference of the adversary claims and consider all aspects of the case, including the propriety of the Trustee's Motion for Summary Judgment, any motion for summary judgment that might be filed by the Defendant Piper and any and all other motions that might be filed by any party to this litigation.

For the foregoing reasons, the Trustee's objections to the Report and Recommendation are overruled and the Report and Recommendation is adopted in its entirety. The above referenced adversary claims are hereby ordered withdrawn from the United States Bankruptcy Court, Southern District of Ohio, Western Division.

Counsel listed below will take note that the captioned cause is scheduled for a telephone conference call on Tuesday, January 6, 1987, at 4:30 p.m., in order to set a trial date and other dates.

The Clerk of Courts is directed to assign a district court case number to this case.