**In re Robin Ann SMITH, Debtor.**

**Robin Ann SMITH, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, on behalf of itself and all others similarly situated, Defendant.**

**Bankruptcy No. 83–01317.**
**Adv. No. 87–0013.**

United States Bankruptcy Court,
N.D. New York.

June 29, 1988.

H. Paul Doucette, Syracuse, for plaintiff.

Frederick J. Schreyer, Albany, for defendant New York State Higher Educ. Services Corp.

## MEMORANDUM–DECISION, FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

These three motions came before the Court within the adversary proceeding commenced by Robin Ann Smith ("Debtor") on March 3, 1987 to determine a student loan debt dischargeable pursuant to §§ 523(a)(8)(B) and 727 of the Bankruptcy Code, 11 U.S.C.A. §§ 101–1330 (West 1979 & Supp.1988) ("Code"). The Debtor's motions for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), as incorporated by Rule 7065 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), and for class certification pursuant to Fed.R. Civ.P. 23 and Fed.R.Bankr.P. 7023, were filed on November 24, 1987 and argued in Syracuse, New York on February 2, 1988. On March 7, 1988, the New York State Higher Education Services Corporation ("NYSHESC") filed a motion to dismiss or sever and transfer to the district court four of the seven causes of action in Debtor's amended complaint. The Debtor's and NYSHESC's pre-trial motions were submitted for decision on February 16, 1988 and April 5, 1988, respectively.

### FINDINGS OF FACT

The facts are not in dispute.

Debtor filed a voluntary petition under Chapter 7 of the Code on December 30, 1983. On Schedule A–3 of her petition, she listed NYSHESC'S unsecured claim for "student loan–1981–1982" in the amount of $2,700.00. NYSHESC filed a proof of claim on February 29, 1984 for $2,387.81.

Sometime between their respective filings, Debtor's attorney contacted NYSHESC and requested its consent to the dischargeability of the loan based on the "undue hardship" exception in Code § 523(a)(8)(B). In support thereof, her attorney tendered two affidavits, sworn to on December 28, 1987 by the Debtor, setting forth her personal circumstances which she believed to be indicative of "undue hardship." The two affidavits were also filed with the Clerk of the Court. NYSHESC apparently refused to acquiesce and no further correspondence ensued. On April 18, 1984, the Debtor received her discharge and her case was closed on May 18, 1984.

Approximately two years later, the Debtor received a notice dated April 21, 1986 from the Internal Revenue Service apprising her that her federal income tax refund for the period ending December 31, 1985, a sum of $1,133.46, had been applied in full towards her past-due obligation to NYSHESC, pursuant to 26 U.S.C. § 6402.

On the Debtor's motion, her case was reopened on October 15, 1986 and this adversary proceeding was commenced some five months later.

NYSHESC filed a motion on October 19, 1987 to dismiss the Debtor's complaint and to compel discovery, withdrawing the latter request soon thereafter.

On January 19, 1988, the Debtor filed an amended complaint in the form of a class action for both herself and NYSHESC as representatives of their respective classes pursuant to Fed.R.Civ.P. 23. She alleged the plaintiff class she represented to be "persons who are the recipients of student loans which are now in default or may become in default in the future, for whom the provisions of 31 U.S.C. § 3716 and 26 U.S.C. 6402 and/or other statutes unknown to Plaintiff authorize the garnishment of their federal income tax overpayment refund to be applied toward the satisfaction or partial satisfaction of said defaulted loan." *Amended Complaint Under Section 523(a)(8)*, at 2 (Jan. 15, 1988). The Debtor named NYSHESC as the representative defendant of all state governmental agencies "responsible for the administration of State and Federal grant monies and insured loans for higher education." *Id.* The complaint set out the following causes of action:

1) the discharge entered on April 18, 1984 in her Chapter 7 filed December 30, 1983 included the student loan debt which was listed on her petition because she had provided the Court and NYSHESC with affidavits demonstrating some evidence of undue hardship and the latter offered no rebutting evidence on the issue of undue hardship nor objected to her subsequent discharge;

2) based on the same scenario in the first cause of action and because of the closed posture of her bankruptcy case, her student loan debt is dischargeable and relates back to her date of discharge on April 18, 1984;

3) NYSHESC had no right or entitlement to her 1985 Federal Tax refund of $1,133.46 because her student loan debt was discharged or dischargeable under the undue hardship exception of Code § 523(a)(8)(B) and she requests a judgment in the amount of the garnished income tax refund with interest from the date of taking, April 21, 1986;

4) the taking of her federal income tax refund by NYSHESC prior to judgment and without notice or hearing violated her due process rights under the Fourteenth Amendment of the Constitution and, as such, under 42 U.S.C. § 1983, entitled her and the plaintiff class to damages of $100,-000.00 and $500,000,000.00, respectively;

5) the federal and state laws implementing the federal income tax garnishment procedure with respect to defaulted educational loans, as represented by the course of conduct employed by NYSHESC against the Debtor, violate the Equal Protection Clause of the Fourteenth Amendment in that it "is inconsistent with the procedures established by either state or federal law for garnishments against noneducational loan debtors." *Id.* at 12. Debtor requests damages of $100,000.00 individually and $500,000,000.00 for the plaintiff class;

6) Defendant "knew or should have known" that the garnishment proceedings violated state and federal law and its knowing, willful, wanton, wrongful and malicious acts were in bad faith and "an integral part of a course of conduct to defraud the Plaintiff and deprive her of rights guaranteed under the Constitution and the laws of the United States of America and of the State of New York". *Id.* at 13. Debtor asks for punitive damages for herself and the plaintiff class of $500,000.00 and $500,-000,000.00, respectively; and

7) NYSHESC's garnishment conduct caused Debtor tortious defamation of her credit and she was damaged in the amount of $100,000.00.

In a Memorandum–Decision dated March 21, 1988, the Court granted NYSHESC's motion insofar as it endeavored to dismiss that part of her complaint seeking a determination that her student loan was dischargeable by virtue of her Chapter 7 petition filed on December 30, 1983, her subsequent "undue hardship" affidavits, the lack of NYSHESC's rebutting evidence and her April 18, 1984 discharge.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction pursuant to 28 U.S.C.A. §§ 1334 and 157(a) (West 1979 & Supp.1988). The disposition of the instant three motions constitutes a core proceeding, 28 U.S.C.A. § 157(b)(1) and (b)(2)(A), (I) and (O) (West 1979 & Supp.1988), governed by Fed.R.Bankr.P. 4007, 7012, 7023, 7052, 7065, and 9014.

## DISCUSSION

At the outset, the Court notes that its Memorandum–Decision dated March 21, 1988, which disposed of NYSHECS's prior motion to dismiss, filed on October 19, 1987, disposes of the first and second causes of action in Debtor's amended complaint. Familiarity with said Memorandum–Decision is assumed.

The Court will first consider the motion of NYSHESC, albeit the last filed, because it invokes threshold issues of jurisdiction whose resolution could fundamentally impact upon the Debtor's two motions and the remaining five causes of action.

## I. NYSHESC'S Motion

NYSHESC asserts that Debtor's fourth through seventh causes of action involve the claims of the larger of the two plaintiff classes the Debtor is seeking to certify, to wit, all educational loan debtors subject to the offset of their defaulted loans against an IRS refund, in contrast to the smaller class of certain Chapter 7 debtors owing educational loans in causes of action one through three. NYSHESC maintains that this larger class concerns claims which are neither bankruptcy nor related proceedings but are "constitutional in nature and therefore must be heard by an Article III court." *Memorandum In Opposition To Class Certification And In Support Of Motion To Dismiss Or Transfer To The District Court,* at p. 2 (Mar. 3, 1987 [sic]) (citing *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)). Therefore, it argues that the Court lacks jurisdiction under 28 U.S.C. § 157.

While the scheduled oral argument on April 5, 1988 never took place due to the non-appearance of Debtor's counsel, the February 2, 1988 argument on the Debtor's motions for class certification and the issuance of a preliminary injunction addressed these jurisdictional issues by necessity. NYSHESC maintained that the Court lacked jurisdiction over what it described as the second, larger plaintiff class because the due process and equal protection claims would be raisable absent a bankruptcy filing. It claimed that their non-core nature obligates the Court to refer them to the district court and alleged that there was a similar suit pending in the Eastern District of New York which, upon certification of this suit to the Northern District of New York, it would attempt to join, that being in the best interest of the "debtors".

The Debtor contended that this Court has jurisdiction to adjudicate the constitutionality of the federal tax intercept program even outside of the bankruptcy context, observing the Court's options of either handling the entire matter and letting the losing party appeal to the district court, or referring it to the district court from the outset. The Debtor further asserted that it was not necessary to actually litigate the rights of those outside the bankruptcy context; rather, the decision rendered from litigating the rights of those in bankruptcy would affect the rights of the other non-Code debtor members of the class.

The Court does not agree with NYSHESC's characterization of the Debtor's amended complaint as seeking to certify two plaintiff classes and finds that the Debtor is alleging the plaintiff class to be comprised of all those recipients of student

loans which are in default or might be in default, which includes Code debtors and non-Code debtors.[1] While the Court is inclined to read its jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 broadly, *see Commercial Heat Treating of Dayton, Inc. v. Atlas Ind., Inc. (In re Commercial Heat Treating of Dayton, Inc.),* 80 B.R. 880, 888 (Bankr.S.D.Ohio 1987), casting such a wide net is fatal to this Court's ability to hear and determine the alleged constitutional violations and attendant damages raised in the Debtor's fourth, fifth and sixth causes of action. This Court can in no way adjudicate the rights of student loan recipients who are not before the Court as Code debtors or, arguably, not in some other way "related to" a bankruptcy case. *See Northern Pipeline Const. v. Marathon Pipe Line Co., supra,* 458 U.S. at 71, 102 S.Ct. at 2871; *Wood v. Wood (In re Wood),* 825 F.2d 90, 94–98 (5th Cir.1987).

With regard to the "subclass" of Debtor and other similarly situated Chapter 7 debtors included in the fourth, fifth and sixth causes of action, the due process and equal protection challenges to NYSHESC's garnishment action and the corresponding request for damages do not arise in a title 11 case since they do not involve a right created or determined under a provision of the Code. *Id.* at 96–97. Further, they do not fall within "the arising under" category of jurisdiction under 28 U.S.C. § 157(b)(1) since they do not relate to administrative matters and would exist independently of the bankruptcy. *Id.* at 96. Finally, the Debtor's fourth, fifth and sixth causes of action are not "related to" proceedings in that they are incidental and even inconsequential to the bankruptcy filings. *Id.* at 93–94. The post-petition events which constitute the Debtor's causes of action concern a federal tax refund received some two years subsequent to the discharge and closing of the Chapter 7 involving income that is not property of the estate. Thus, it is clear that the outcome of these constitutional claims would have no real impact on the dormant bankruptcy cases and, conversely, the initial filings and/or reopenings did not affect the rights or obligations of any of the parties in the underlying suit. *Id. Cf. In re Commercial Heat Treating of Dayton, Inc., supra,* 80 B.R. at 888–89.

Therefore, the fourth, fifth and sixth causes of action are non-core and non-related proceedings with respect to both "bankruptcy" and non-bankruptcy subclasses of the alleged plaintiff class and the Court has no jurisdiction to hear and determine them. 28 U.S.C. §§ 1334, 157.

Moreover, the Court's lack of subject matter jurisdiction of the fourth, fifth, and sixth causes of action in Debtor's amended complaint pursuant to 28 U.S.C. §§ 1334(b) and 157(a), (b)(1) is mandated by 28 U.S.C § 157(b)(5). 28 U.S.C. § 157(b)(5) provides that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending." Actions claiming the violation of constitutional rights and seeking relief under 42 U.S.C. § 1983 sound in tort and are general personal injury claims. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Chin v. Bowen,* 833 F.2d 21 (2d Cir.1987); *Okure v. Owens,* 816 F.2d 45, 47 (2d Cir.1987); *Wallace v. Town of Stratford Bd. of Educ.,* 674 F.Supp. 67, 70 (D.Conn.1986). *Cf. Watts v. Pennsylvania Housing Finance Co. (In re Watts),* 76 B.R. 390, 408–409 (Bankr.E.D.Pa.1987) (violation of Bankruptcy Code by governmental unit is violation of 42 U.S.C. § 1983).

---

1. The class allegations provision contained in the amended complaint and the motion papers speak of one plaintiff class and appear to conflict with the seven causes of action as set out in said complaint: causes of action one, two and three address a bankruptcy plaintiff class, causes of action four, five and six embrace a larger non-bankruptcy class and the seventh cause of action is pleaded in an individual capacity. The Court notes that while counsel for Debtor admitted that the first three causes of action only applied to Code debtors and the last four causes of action encompassed a larger class of all recipients of student loans allegedly in default, he still spoke of the former as *part* of the latter throughout the February 2, 1988 argument.

The Court finds the unequivocal and broad language of 28 U.S.C. § 157(b)(5), which is silent on who brings the claim, standing alone, to also encompass the instant situation, where a Chapter 7 debtor seeks recovery under 42 U.S.C. § 1983 for alleged due process and equal protection violations. The district court forum mandated by 28 U.S.C. § 157(b)(5) equally applies to the general personal injury claim of a debtor as it would to a creditor's claim and so includes the seventh cause of action in Debtor's amended complaint described as "the tortious defamation of her credit." *See Baggott v. Piper Aircraft Corp., supra,* 70 B.R. at 223.

Consequently, these actions, and any motions relative to their trial, must be addressed to and heard in the district court. *See In re Waterman Steamship Corp.,* 63 B.R. 435, 437 (Bankr.S.D.N.Y.1986). *See also Baggott v. Piper Aircraft Corp.,* 70 B.R. 223 (S.D.Ohio 1986); *In re UNR Ind., Inc.,* 45 B.R. 322, 325 (N.D.Ill.1984); *In re Johns Manville Corp.,* 45 B.R. 827, 829 (S.D.N.Y.1984). *Cf. A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 1010–1015 (4th Cir.1986); *Citibank, N.A. v. White Motor Corp. (In re White Motor Credit),* 761 F.2d 270 (6th Cir.1985). It is true that pleadings under the federal rules are to be liberally construed so as to do justice. *See e.g.,* Fed.R.Civ.P. 8(f); *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Court also notes the importance of the issues raised in the Debtor's fourth through sixth causes of action and acknowledges the existence of a similar suit pending in another district of this circuit for which joinder might be expeditious. However, it cannot sever and transfer causes of action over which it lacks jurisdiction nor can oral statements at argument evidencing an amenability to this Court's "referring" be in any way translated into a motion made in the district court.

Accordingly, the Court concludes that it likewise lacks subject matter jurisdiction over the fourth through seventh causes of action insofar as they pertain to the Debtor individually and grants NYSHESC's motion to dismiss pursuant to Fed.R.Civ.P. 12(h)(3) and its bankruptcy analog Fed.R.Bankr.P.

7012. *See John B. Hull, Inc. v. Waterbury Petroleum,* 588 F.2d 24, 27 (2d Cir. 1978).

## II. Debtor's Motion for Class Certification on the Remaining Cause of Action

A class action may be maintained in bankruptcy court by debtors who are representatives of a class of similarly situated persons once the threshold requirements of Fed.R.Civ.P. 23(a) are met and the pertinent Code sections and rules complied with. *See Fleet v. United States Consumer Council, Inc. (In re Fleet),* 76 B.R. 1001, 1008 (Bankr.E.D.Pa.1987). The movant bears the burden of establishing numerosity and impracticability of joinder, commonality of fact or law, typicality and fair and adequate representation by the representative party under Fed.R.Civ.P. 23(a). *See Zeidman v. J. Ray McDermott & Co, Inc.,* 651 F.2d 1030, 1038–1039 (5th Cir.1981); J. Moore, J. Lucas & K. Sinclair, Jr., 3B MOORE'S FEDERAL PRACTICE, § 23.05[3] (2d ed. 1988). The only possible plaintiff class that could exist with regard to the Debtor's remaining third cause of action is that of those bankruptcy debtors similarly situated to the Debtor who have had their federal income tax refunds garnished by NYSHESC in the tax intercept program. With regard to this "bankruptcy" class, she asserted that it was difficult to establish the exact numerosity absent a prolonged discovery period and the fact that NYSHESC was in possession of the necessary files. The Debtor also argued that the question of the amount of notice necessary to trigger the obligation of commencing a dischargeability complaint satisfied the required commonality of fact.

She asserted the need for a class action due to the small amount of money involved for each individual "debtor" and the possibility of inconsistent results. The Debtor did not believe that a finding against her position by the Court in the State's *sub judice* motion to dismiss the complaint on that same issue would impact adversely on the motion for class certification. Her attorney asserted that the issue of notice to the State of either of the two "exception"

categories of Code § 523(a)(8)—the "five year" or "undue hardship" categories–went to the constitutional challenge of the tax intercept program within the bankruptcy context.

In opposition, NYSHESC supports the denial of class certification for the "bankruptcy" class by pointing to the complete lack of proof offered by the Debtor on the issue of numerosity. NYSHESC also asserts that the question of "undue hardship" requires a detailed case-by-case analysis of individual facts that foreclose a showing of factual commonality and any benefits that would accrue from the economies of a class action.

■ The Court is in accord with NYSHESC on the Debtor's failure to meet her burden of proof in this action for monetary damages on whether "the class is so numerous that joinder of all members is impracticable." There is nothing in the record, other than the plaintiff's unsubstantiated oral allegations, to support the existence of any other debtor plaintiffs in circumstances similar to the Debtor's who have had their income tax refund garnished. Absent some evidence or reasonable estimate of the number of class members by the one asserting the class, numerosity and the impracticability of joinder cannot be satisfied by speculation since there must be a "positive showing of circumstances." *Id.* at 23–151; *see also Sims v. Parke Davis & Co.*, 334 F.Supp. 774, 781 (E.D.Mich.1971), *aff'd*, 453 F.2d 1259 (6th Cir.), *cert. denied*, 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972). A named plaintiff may only rely on estimates or speculative and conclusive representations where the relief sought is limited to injunctive and declaratory relief. *See In re Watts, supra,* 76 B.R. at 398.

The Court need not reach the other three prerequisites of a class action to deny the debtor's motion for certification of the plaintiff class with respect to her remaining cause of action.[2] *See e.g., Lazard v. Texaco, Inc. (In re Texaco),* 81 B.R. 820, 827 (Bankr.S.D.N.Y.1988); *Brown v. Goldstein (In re Johnson),* 80 B.R. 791, 795–797 (Bankr.E.D.Va.1987).

### III. Debtor's Motion for Preliminary Injunction

The purpose of a preliminary injunction is "to preserve the status quo between the parties pending a final determination of the merits of the action." 7 MOORE'S FEDERAL PRACTICE, *supra,* § 65.04[1] at 65–30. *See also Arthur Guinness & Sons, PLC v. Sterling Publishing Co.,* 732 F.2d 1095 (2d Cir.1984). Two alternate tests have developed in the Second Circuit for the grant of a preliminary injunction: "a showing of '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Jack Kahn Music v. Baldwin Piano & Organ,* 604 F.2d 755, 759 (2d Cir.1979) (citations omitted). *See also Savage v. Gorski,* 850 F.2d 64, 67 (2d Cir.1988).

At the February 2, 1988 argument, the Court reserved decision on the issuance of a preliminary injunction with regard to all the members of the alleged plaintiff class except the Debtor. This was due to NYSHESC's earlier promise to suspend all collection activity regarding the Debtor pending the outcome of the adversary proceeding. Thus, in agreeing to effectively preserve the status quo during the instant action, the parties had rendered a preliminary injunction as to Debtor unnecessary. The State acknowledged this fact by not raising any objections to the issuance of an injunction to the Debtor.

In light of the dismissal of six of the seven causes of action and the denial of

---

**2.** The Court notes that while the amended complaint describes both a plaintiff and defendant class, and is captioned thusly, the instant motion for class certification speaks solely in terms of a plaintiff class and only captions the plaintiff in class form, as does the preliminary injunction motion. The motion for class certification does refer to NYSHESC in its last line as the named defendant. However, the Court can do no more than grant or deny the relief requested in the matter before it.

class certification as to the third cause of action, *see supra,* the Court need not address the Debtor's arguments since the agreement in place between her and NYSHESC, the two parties in this action, has the effect of a preliminary injunction.

Accordingly, it is hereby

ORDERED

1. That Debtor's first and second causes of action in her amended complaint are dismissed by virtue of this Court's Memorandum–Decision dated March 21, 1988.

2. That NYSHESC's motion to dismiss causes of action four through seven of Debtor's amended complaint is granted under 28 U.S.C. §§ 1334, 157 and Fed.R.Civ.P. 12(h)(3).

3. That the Debtor's motion for class certification on the remaining cause of action is denied pursuant to Fed.R.Bankr.P. 7023.

4. That the Debtor's motion for a preliminary injunction pursuant to Fed.R. Bank.P. 7065 is granted only as to the Debtor.

5. That this adversary proceeding shall proceed to trial on the remaining third cause of action pursuant to Code § 523(a)(8)(B).