In re UNITED STATES LINES, INC., and United States Lines (S.A.), Inc., f/k/a Moore McCormack Lines, Inc., Debtors.

Pura BRENES, As Administratrix of the Estate of Julio Brenes, Deceased and Others, Plaintiffs,

v.

UNITED STATES LINES, INC., Defendant.

No. M–47 (RWS).

Bankruptcy Nos. 86B12240 (HCB), 86B12241 (HCB).

United States District Court, S.D. New York.

June 27, 1991.

Paul C. Matthews, New York City, Attorney for plaintiffs.

Healy & Baillie, New York City, for Defendant (John D. Kimball and Jeremy J.O. Harwood, of counsel).

## OPINION

SWEET, District Judge.

The United States Lines, Inc. and United States Lines (S.A.) Inc. Reorganization Trust (the "Trust") has moved to transfer certain personal injury and wrongful death actions presently pending against debtors United States Lines, Inc. and United States Lines (S.A.) Inc. (collectively, "USL") in the State Courts of New York to this Court, pursuant to 28 U.S.C. § 157(b)(5). For the following reasons, the motion is denied.

*The Parties*

USL filed for bankruptcy on November 24, 1986. The Trust is the successor-in-in-

terest to USL pursuant to a trust agreement approved as part of USL's reorganization plan which became effective February 23, 1990.

The individual cases (the "Actions") at issue here are twenty-eight in number, each filed by a former employee or survivor of a former employee (the "Claimants") under the Jones Act for injuries suffered while in service aboard USL vessels. All of the cases were filed in New York State Supreme Court prior to USL's filing for bankruptcy in November 1986.

*Prior Proceedings*

Over two years after the bankruptcy petitions had been filed, in January 1989 the automatic bankruptcy stay was modified by stipulation (the "1989 Stipulation") to permit certain claims against USL, including the Actions, to proceed to trial or settlement. This stipulation provided that the stay was to remain in full force and effect as to enforcement of any judgment or settlement of the Actions.

The Bankruptcy Court approved the reorganization plan for USL (the "Plan") by order dated May 16, 1989, to become effective on February 23, 1990. On that date, the Trust assumed all of the assets and liabilities of USL, including any obligations to claimants on personal injury claims against USL. On April 18, 1990, the Bankruptcy Court extended the automatic stay with regard to personal injury claims against USL until the termination of the Trust, but provided that individual claims could be filed earlier according to a specified claims resolution procedure, under which the reorganization trustee (the "Trustee") would attempt to settle the claim, and only if such settlement was not possible would the stay be lifted to allow the claimant to file an action on the claim. It is not clear from the record how this extension was intended to affect those cases, including the Actions, which were the subject of the 1989 Stipulation.

In November, 1990, the Trust applied to this Court, the Honorable Milton J. Pollack,

for transfer pursuant to 28 U.S.C. § 157(b)(5) [1] of nine maritime personal injury claims which were not covered by the 1989 Stipulation. Over opposition from the individual claimants, Judge Pollack granted the motion, "having concluded that the Trust is entitled to an order of transfer on legal, equitable and administrative grounds and within the sole discretion of the Court." *In re United States Lines*, No. 90–M–47 (MP) order at 3 (S.D.N.Y. Nov. 19, 1990) (the "November Order").

The Trust next sought transfer of three more maritime personal injury claims, all of which were covered by the 1989 Stipulation. This motion was heard by the Honorable Charles M. Metzner, who denied the transfer motion on December 13, 1990, stating

> The only question presented by this motion is whether Section 157(b)(5) is mandatory in its directive.... The law is perfectly clear that Section 157(b)(5) does not provide a mandatory directive to the district court.

*In re United States Lines*, No. 90–M–47 (CMM), slip op. at 3, 1990 WL 210307 (S.D.N.Y. Dec. 13, 1990) (the "December Opinion").

The present motion was heard on March 26, 1991.

*Discussion*

As on the motion brought before Judge Metzner, the sole issue presented here is whether § 157(b)(5) mandates the removal of the Actions from the state court system. The Trust argues, as it did before both Judge Pollack and Judge Metzner, that the statute requires all personal injury claims against the debtor to be heard in federal district court, while the Claimants argue that § 157(b)(5) merely specifies, as between the bankruptcy court and the district court, which court must handle such claims when they are properly brought within the federal system.

This issue is not as straightforward as the Trust asserts. The question is not

---

**1. 157. Procedures**

(b)(5) The district court shall order that personal injury tort and wrongful death claim shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

whether the language of § 157(b)(5) is mandatory: it seems clear that is. Rather, the relevant question is whether the statute applies to the removal of claims from the state courts. Based on the context of § 157, with its definition of "core" and "non-core" proceedings and its identification of which claims are properly heard by the bankruptcy court and which are not, it is apparent that subsection (b)(5) is meant to designate which court, as between the bankruptcy court and the district court, should hear personal injury claims against the debtor, and, secondarily, to identify which court should determine the venue for such claims. Nothing in either the language of the statute or its legislative history indicates that Congress intended to extend the district court's removal power. For example, in explaining the operation of § 157(b)(5), Representative Kastenmeier stated, "Thus, personal injury cases and wrongful death cases *may not be heard to final judgment by a bankruptcy judge.* These cases are to be transferred to the district court judge." 130 Cong.Rec. H 7492 (daily ed. June 29, 1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News 576, 579 (emphasis added).

Indeed, all of the cases cited by both parties which address the issue of how § 157(b)(5) applies to claims in state courts conclude that the statute does not compel removal. *In re White Motor Credit,* 761 F.2d 270, 273 (6th Cir.1985) ("the district court has the authority to leave tort cases in the courts in which they are pending for liquidation"); *Kinder v. Wisconsin Barge Line, Inc.,* 69 B.R. 11, 12 (E.D.Mo.1986) ("this Court finds the jurisdiction conferred upon it by 28 U.S.C. § 157(b)(5) to be discretionary"); *cf. A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1016 (4th Cir.1986) (when deciding whether transfer claims to one district under § 157(b)(5), court should consider that "some cases may be fully prepared and ready for state trial"; "[m]oreover, there are issues of state law that may substantially affect the results in individual cases"), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).

While the Trust cites an extensive list of authorities in support of its claim that removal is mandated, in fact none of the cases cited related to the removal of state court claims. *See In re Chateaugay Corp.,* 111 B.R. 67, 76 (Bankr.S.D.N.Y. 1990) ("It cannot be disputed that 'the obvious purpose of the 1984 amendments [to § 157] is to prevent bankruptcy courts from trying personal injury tort and wrongful death actions.'") (quoting *In re Poole Funeral Chapel, Inc.,* 63 B.R. 527, 532 (Bankr.N.D.Ala.1986)); *In re Smith,* 95 B.R. 286, 291 (Bankr.N.D.N.Y.1988) (under § 157(b)(5) bankruptcy court was without power to adjudicate personal injury claim); *In re Todd Shipyards Corp.,* 92 B.R. 600, 604 (Bankr.D.N.J.1988) ("the actual trial of this personal injury tort claim cannot take place in the bankruptcy court"); *In re UNR Indus., Inc.,* 74 B.R. 146, 148 (N.D.Ill. 1987) ("Congress clearly did not intend for the bankruptcy court to hear personal injury claims"); *Baggott v. Piper Aircraft Corp.,* 70 B.R. 223, 227 (S.D.Ohio 1986) (personal injury and wrongful death actions must be removed from bankruptcy court under § 157(b)(5)); *In re Waterman Steamship Corp.,* 63 B.R. 435, 436–37 (Bankr.S.D.N.Y.1986) (district court, rather than bankruptcy court, must decide § 157(b)(5) motion to transfer venue of personal injury claim); *In re Johns–Manville Corp.,* 45 B.R. 827, 828–29 (S.D.N.Y.1984) (motion to proceed to trial on personal injury claim in federal district court in Kentucky is properly addressed to district court in district where bankruptcy is proceeding; "The district court, as the entity that must enter the order is, therefore, the proper forum in which to bring a motion under [§ 157(b)(5) ]"); *In re UNR Indus., Inc.,* 45 B.R. 322 (N.D.Ill.1984) ("[§ 157(b)(5) ] clearly requires that these asbestos claims be tried in district court rather than bankruptcy court").

Moreover, the prior rulings on the Trust's motions in this case also support the conclusion that removal is not mandatory. In granting the Trust's initial transfer motion, Judge Pollack expressly stated that his decision was based on matters "within the sole discretion of the Court." November Order at 3. Judge Metzner explicitly rejected the Trust's § 157(b)(5) argument, stating that it was "perfectly clear" that the statute did not compel the removal of

cases from the state court system. December Opinion at 3.

In fact, it is not even clear whether this Court has jurisdiction to order the removal of the Actions. Certainly, where the state court actions are subject to the automatic bankruptcy stay, the federal court may condition the lifting of that stay on the claimants' agreement to transfer their cases to federal court. *See, e.g., A.H. Robins Co. v. Piccinin, supra,* 788 F.2d at 996 (cases at issue were all subject to automatic stay); November Order at 2 (automatic stay lifted subject to Trust's motion for removal to district court).

The Actions, however, have already been released from the automatic stay by the 1989 Stipulation, which specifically provided that they should proceed to trial and judgment or settlement. No condition was imposed in that stipulation that the Claimants would be required to submit to federal jurisdiction in order to go forward with their claims. Having thus agreed to allow the Actions to proceed, the Trust may not now seek to limit the extent of that agreement.

The conclusion that this Court lacks jurisdiction to order the removal of the Actions is strengthened by the fact that Jones Act claims are generally not removable under 28 U.S.C. § 1445(a). *See, e.g., Romero v. International Terminal Operating Co.,* 358 U.S. 354, 371 n. 29, 79 S.Ct. 468, 480 n. 29, 3 L.Ed.2d 368 (1959); *Gonsalves v. Amoco Shipping Co.,* 733 F.2d 1020, 1022 (2d Cir.1984). Indeed, in the only case cited by either party which is directly on point, *Kinder v. Wisconsin Barge Line, Inc., supra,* 69 B.R. at 12, the court declined to remove a Jones Act claim under § 157(b)(5) specifically because such a claim was exempted from the court's removal power.

*Conclusion*

For the foregoing reasons, the Trust's motion is denied, and the Actions will be allowed to proceed in state court.

It is so ordered.